234 So.2d 128 (1970)
Freddy J. HENDLER, Hyman B. Hendler, Ethel B. Hendler and Donald B. Hendler D/B/a Rogers Associates, Marqusee Homes, Inc., and Fredon Corporation, Appellants,
v.
The ROGERS HOUSE CONDOMINIUM, INCORPORATED, On Behalf of Itself and All Unit Owners of the Rogers House Condominium, Appellee.
No. 69-584.
District Court of Appeal of Florida, Fourth District.
April 15, 1970.
*129 Myron H. Burnstein of Salter, Yeslow & Burnstein, Hollywood, and Raymond W. Royce, of Scott, Burk & Royce, Palm Beach, for appellants.
Thomas J. Becker, of Tylander & Becker, Boca Raton, for appellee.
OWEN, Judge.
The defendants in a class action filed their motion to dismiss the complaint on the grounds that it was not a class action under Rule 1.220 F.R.C.P., 30 F.S.A. This interlocutory appeal is from the order denying the motion to dismiss, presenting the question of the sufficiency of the complaint.
The plaintiff was a condominium association under F.S. Chapter 711, F.S.A. It alleged that it had a leasehold interest in one of the condominium units and that as such leaseholder it brought the action on behalf of itself and all other unit owners of said condominium, the latter group constituting a class so numerous as to make it impractical to bring them all before the court. The plaintiff further alleged that it was empowered by law and by the Declaration of Condominium to act on behalf of the unit owners. Named as defendants were the original corporate owner of the property which had been submitted to condominium ownership, and its successors in title to a swimming pool area constructed adjacent to the condominium property. The substance of the complaint was that either through mistake or fraudulent intent on the part of the defendants the swimming pool area had been omitted from the condominium property, and that all of the unit owners as a class had bought their respective condominium units in reliance upon the representations made by defendants that the swimming pool area was part of the common elements, an undivided share to which was appurtenant to each unit. COUNT I sought a reformation of the Declaration, COUNT II sought to quiet title of the unit owners in the swimming pool area, COUNT III sought damages in an action for fraud and deceit, and COUNT IV sought a declaratory judgment.
It is our view that the complaint did not allege facts sufficient to establish the plaintiff's right to maintain this action as a class suit, and that consequently the defendants' motion to dismiss should have been granted.
*130 Where one brings a class suit alleging that the persons constituting the class are so numerous as to make it impractical to bring them all before the court, more is required than merely pleading the language of the rule. It is necessary that facts be alleged showing with a fair degree of certainty that such is the case. City of Lakeland v. Chase National Co., 1947, 159 Fla. 783, 32 So.2d 833; Brown v. Ellingson, Fla.App. 1969, 224 So.2d 391. The number of persons constituting such class should be alleged, Brown v. Ellingson, supra, unless the members of the class are so numerous as to be a matter of which the court can take judicial notice as was the case in Port Royal, Inc. v. Conboy, Fla.App. 1963, 154 So.2d 734. This court cannot take judicial notice of the number of unit owners in the Rogers House Condominium and the complaint not having alleged facts from which this can be determined, it fails to show the necessity for bringing this action as a class suit.
It has been recognized that generally, the interest of the plaintiff must be coextensive with the interest of the other members of the class with a common right of recovery based on the same essential facts. Port Royal, Inc. v. Conboy, supra, at 736. Plaintiff's allegation that it had a leasehold interest in one of the condominium units established on its face that the plaintiff did not have a common interest with the members of the class it sought to represent, all of whom were alleged to be unit owners. Plaintiff contends here (and the trial court so ruled in denying the motion to dismiss) that the plaintiff's allegation of its being empowered by law and by the Declaration of Condominium to act on behalf of the unit owners must be taken as true when considering the motion to dismiss. This principle applies to all wellpleaded ultimate facts, but statements of opinion or conclusions of law unsupported by specific facts will not suffice. Brandon v. County of Pinellas, Fla.App. 1962, 141 So.2d 278. Nowhere in the statute, Section 711.12, F.S. 1967, F.S.A., do we find authority for the association to maintain a class suit on behalf of the unit owners, and the Declaration of Condominium is neither attached to the complaint nor is any portion of it recited showing that the association is given such authority therein.
Appellee also contends here that it can maintain this suit under the provisions of Rule 1.210 F.R.C.P. as a party with whom a contract has been made for the benefit of another. Although we find no basis in the complaint by which appellee could so qualify under Rule 1.210 F.R.C.P., that fact is somewhat immaterial since such rule could not in any event relieve plaintiff of meeting the standards of a class action as hereinabove mentioned.
Conceivably, some or all of the deficiencies in the complaint which we have discussed above could be corrected through amendment or through adding appropriate parties as plaintiffs. Consequently, upon remand plaintiff should be afforded such opportunity.
One other aspect of the case has been raised on this appeal and merits comment. COUNT III, seeking to assert a cause of action based upon fraud and deceit, is inappropriate for a class action. Osceola Groves v. Wiley, Fla. 1955, 78 So.2d 700.
The order appealed is reversed and this cause remanded for further proceedings not inconsistent herewith.
Reversed and remanded.
WALDIN, J., and LaMOTTE, STEWART, F., Jr., Associate Judge, concur.