301 So.2d 783 (1974)
COMMODORE PLAZA at Century 21 Condominium Association, Inc., a Non-Profit Corporation, Appellant,
v.
SAUL J. MORGAN ENTERPRISES, INC., et al., Appellees.
No. 74-257.
District Court of Appeal of Florida, Third District.
September 3, 1974.
Rehearing Denied November 5, 1974.
*784 Joseph S. Paglino, Miami, for appellant.
Frates, Floyd, Pearson, Stewart, Proenza & Richman, Miami, Abrams, Anton, Robbins, Resnick & Schneider and David L. Kline, (Hollywood), for appellees.
Before BARKDULL, C.J. and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
Plaintiff-appellant seeks review of an order dismissing the first seven counts of its amended complaint with prejudice and the remaining counts without prejudice.
Plaintiff-appellant is a condominium association formed pursuant to Chapter 711, Florida Statutes. The corporate appellee Saul J. Morgan Enterprises, Inc., is the developer and seller of the subject condominium complex. The individual appellees Saul Morgan, David Morgan and Norman Cohen are officers, stockholders and directors of the defendant corporation and by virtue thereof were made the initial officers of the condominium association. The plaintiff-appellant filed a multi-count amended complaint against the appellees and alleged therein that certain acts of the corporate and individual appellees were improper. Upon motion of the appellees, counts 1-7 of the complaint were dismissed with prejudice and the remaining counts 8-19 were dismissed without prejudice. This appeal is from that order.
Counts 1-7 of the amended complaint, which were dismissed with prejudice, sought relief for the alleged illegal sale and/or rental of alleged portions of the common elements of the condominium project. The trial judge found that the plaintiff condominium association lacked standing to bring this type of action. We agree. In essence the plaintiff in these first seven counts is seeking to quiet title to the subject property. A proper party to a suit to quiet title is one who claims to be the real or beneficial owner of the property. See Chapter 65, Florida Statutes. The common elements of a condominium are owned by the condominium unit owners as an undivided share appurtenant to the condominium units. See §§ 711.03(7), 711.04, Fla. Stat., F.S.A. Thus, we find that the trial judge was correct in his determination that the plaintiff condominium association has no standing either in a representative capacity or as the real party in interest to bring a suit to quiet title to the common elements of the condominium project. Cf. Hendler v. Rogers House Condominium, Inc., Fla.App. 1970, 234 So.2d 128.
Counts 8-18 of the amended complaint, which were dismissed without prejudice, basically allege that the individual defendants occupied fiduciary relationships with the condominium association as its officers and that they breached that fiduciary relationship by failing to act in good faith with respect to the execution of a 99 year lease of the recreation area at the condominium wherein the plaintiff is the lessee. The dismissal of these counts was proper under the authority of Fountainview Association, Inc. v. Bell, Fla.App. 1967, 203 So.2d 657.
Last, we are in accord with the dismissal of count 19 of the complaint by the trial judge for failure to join 39 Cortland Associates, Inc. which is an indispensable party to the action.
Accordingly, the order of dismissal herein appealed is affirmed.
Affirmed.