313 So.2d 463 (1975)
WITTINGTON CONDOMINIUM APARTMENTS, INC., et al., Appellants,
v.
BRAEMAR CORPORATION, Etc., et al., Appellees.
No. 74-424.
District Court of Appeal of Florida, Fourth District.
May 23, 1975.
Rehearings Denied June 26, July 2, 1975.
*464 H. Winston Hathaway of Lavalle Wochna & Rutherford, P.A., Boca Raton, for appellants.
Perry S. Itkin of Kirsch & Mills, P.A., Fort Lauderdale, and Joseph P. Averill of Knight, Peters, Hoeveler, Pickle, Niemoeller & Flynn, Miami, for appellees.
MAGER, Judge.
This is an appeal by Wittington Condominium Apartments, Inc. and Victor P. Matthews, individually and as president of Wittington Condominium Apartments, Inc., plaintiffs below, from a final judgment on the pleadings entered on behalf of Braemar Corporation one of several defendants below.
The plaintiffs filed a complaint containing numerous counts seeking money damages and injunctive relief as occasioned by the alleged improper design and construction of the Wittington Condominium Apartments by Braemar (the developer) and other named defendants. The suit was instituted by the Wittington Condominium Association in its individual capacity joined by Victor Matthews in his individual and corporate capacity as president of the Wittington Condominium Association. In addition, Victor Matthews also alleged that the suit was being maintained by him as a class action for other condominium unit owners.[1]
The complaint, which alleged improper design and construction of the Wittington Condominium contrary to plans, specifications and representations made by Braemar and its employees, sets forth various alleged defects in the common elements and seeks recovery predicated upon various legal theories such as, implied warranty; negligent construction; breach of contract; fraud and deceit; breach of a fiduciary duty.
*465 Answers were filed by Braemar and other defendants in which the material allegations of the complaint were denied. Subsequently, various motions were filed including motions for judgment on the pleadings, motion to strike, motion to dismiss, and motion for summary judgment. The primary thrust of the motions was directed at the propriety of maintaining a representative or class action. Ultimately, the court ruled only on the motion for judgment on the pleadings entering a final judgment thereon concluding that "the actions as presented by plaintiffs herein do not properly lie ..." citing authorities dealing with representative and class actions.
Based upon a review of the case law and pertinent texts and authorities it is our opinion that the entry of a final judgment on the pleadings was erroneous. See Fla. Civil Practice Before Trial, sec. 13.14.
In Bradham v. Hayes Enterprises, Inc., First District Court of Appeal, 306 So.2d 568 opinion filed January 23, 1975, the court observed:
"... A motion to dismiss and a motion for judgment on the pleadings are not the same and are not governed by the same rules of procedure. (Davis v. Davis, Fla.App. 1st 1960, 123 So.2d 377) A motion for judgment on the pleadings must be determined on the pleadings. (For a thorough discussion on the meaning of the term `pleadings' see Metcalf v. Langston, Fla.App. 1st 1974, 296 So.2d 81, cert. den., Sup.Ct. Fla. 1974, 302 So.2d 414) The purpose of the motion for judgment on the pleadings is to permit a trial judge to examine the allegations of the bare pleadings and determine whether there are any issues of fact based thereon. If the bare pleadings reveal that there are no facts to be resolved by a trier of facts then the trial judge is authorized to enter a judgment based upon the uncontroverted facts appearing from the pleadings as applied to the applicable law. Needless to say, if the pleadings reveal issues of fact then a judgment on the pleadings may not be properly entered." (Emphasis added.)
It is further pointed out in Butts v. State Farm Mutual Automobile Ins. Co., Fla.App. 1968, 207 So.2d 73, 75:
"... Upon a hearing on defendant's motion for a judgment on the pleadings, after defendant has answered, matters outside the pleadings may not be considered. (citations omitted) In considering such a motion, all material allegations of the opposing party's pleading are taken as true, and all of the movant's allegations which have been denied are taken as false. Since the answer requires no responsive pleading, all allegations contained therein are deemed denied. (citations omitted) The test to be applied in this instance is the same as if defendant were to have moved to dismiss the complaint for failure to state a cause of action... ." (Emphasis added.)
In this connection it was stated in Davis v. Davis, Fla.App. 1960, 123 So.2d 377, 380:
"Although the test to be applied in disposing of a motion for judgment or decree on the pleadings is the same as in disposing of a motion to dismiss for failure to state a cause of action, the office of the two different type motions is entirely different and should not be confused. If a motion for final decree on the pleadings is granted, the decree entered pursuant thereto is a final adjudication on the merits of the cause. If a motion to dismiss a complaint is granted, the unsuccessful party is privileged to seek leave of court for permission to file an amended pleading in which the defects of the dismissed pleading may be supplied by additional allegations." (Emphasis added.)
Measured by the foregoing principles, a thorough examination of the pleadings reflects the existence of disputed questions of fact and allegations in the complaint, *466 the truthfulness of which are admitted for the purpose of the motion raising issues of fact for the court's determination precluding the entry of a judgment on the pleadings. It is difficult to conclude that notwithstanding the plaintiffs' allegations of breach of implied warranty, negligent construction and breach of contract (which for the purpose of the motion are taken as true), the defendants are entitled, as a matter of law, to a judgment on the merits "without regard to what the findings may be on the facts on which issue is joined". AIA Mobile Home Park, Inc. v. Brevard County, Fla.App. 1971, 246 So.2d 126. By the very nature of the defendant's motion and the admissions made thereby regarding the allegations in the complaint a judgment on the pleadings cannot be granted.
If, in reality, the defendants seek to challenge and defeat the capacity of the plaintiffs to maintain a particular action, it cannot be accomplished through the vehicle of a motion for judgment on the pleadings. As Rule 1.120(a), FRCP, clearly states:
"(a) Capacity. It is not necessary to aver the capacity of a party to sue or to be sued or the authority of a party to sue or be sued in a representative capacity or the legal existence of an organized association of persons that is made a party, except to the extent required to show the jurisdiction of the court. When a party desires to raise an issue as to the legal existence of any party or the capacity of any party to sue or be sued or the authority of a party to sue or be sued in a representative capacity, he shall do so by specific negative averment which shall include such supporting particulars as are peculiarly within the pleader's knowledge." (Emphasis added.)
The "specific negative averment" referred to in Rule 1.120 may be reflected in a responsive pleading (answer) or presumably in what might be described as a "speaking motion" whether denominated as a motion to dismiss, a motion to drop improperly joined parties, or a motion to strike. See Fla. Civil Practice Before Trial, Sections 11.4 and 11.5, published by Continuing Legal Education of The Florida Bar. See also Equitable Life Assurance Society of United States v. Fuller, Fla.App. 1973, 275 So.2d 568; Wilson v. First National Bank of Miami Springs, Fla.App. 1971, 254 So.2d 362; Gordon Finance, Inc. v. Belzaguy, Fla.App. 1968, 216 So.2d 240. The improper joinder of parties or the insufficiency of the pleadings to allege the proper representative capacity is not a basis for a final dismissal of the action or a final adjudication on the merits, which would be the resulting effect of a final judgment entered pursuant to a motion for judgment on the pleadings, see Davis v. Davis, supra; at least not until an opportunity to amend has been granted and there is an inability to comply therewith. See Equitable Life Assurance Society v. Fuller, supra; Wilson v. First National Bank of Miami Springs, supra; and Gordon Finance, Inc. v. Belzaguy, supra; see also Hargraves v. Costin, First District Court of Appeal, Case Nos. V-57, W-324 and W-336 opinion filed February 13, 1975 and Rosenwasser v. Frager, Third District Court of Appeal, 307 So.2d 865 opinion filed February 4, 1975.
In examining the complaint we cannot conclude that it is totally deficient insofar as the standing or capacity of the named parties are concerned. The plaintiffs' effort to take a "shotgun" approach in the description and joinder of partyplaintiffs, although somewhat cumbersome, is not fatal so as to preclude at least one of the named plaintiffs from being able to maintain a cause of action against the defendants. Cf. Harrell v. Hess Oil and Chemical Corporation, Fla. 1973, 287 So.2d 291. The net effect of the final judgment on the pleadings is a judicial determination that none of the named parties has any cause of action against the defendant developer and others resulting from alleged negligent design and construction; we cannot subscribe to the broad legal effect this *467 determination would have based upon the pleadings in this case.
Considering, first, the status of the Wittington Condominium Association we do not perceive of any valid legal impediment to the Association's ability to maintain a suit, individually, against the defendants. Section 711.12, F.S., of the "Condominium Act" provides in part as follows:
"(1) The operation of the condominium shall be by the association, the name of which shall be stated in the declaration. The declaration may require the association to be organized as a particular entity, such as but not limited to a corporation for profit or corporation not for profit, in which the owners of units shall be stockholders or members.
"(2) The association, whether or not incorporated, shall be an entity which shall act through its officers and shall have the capability of contracting bringing suit and being sued. If not incorporated the association shall be deemed to be an entity existing pursuant to this act and shall have the power to execute contracts, deeds, mortgages, leases and other instruments by its officers... .
* * * * * *
"(4) Unless limited by the declaration the powers and duties of the association shall include those set forth in this law. The powers and duties of the association shall include also those set forth in the declaration and by laws.

* * * * * *
"(6) The association shall have the power to make and collect assessments, and to lease, maintain, repair and replace the common elements."[2]
Under the provisions of Article VII, section 3, of the Declaration of Condominium (attached to the complaint below) it is provided that:
"The duties and powers of the Association (Wittington) shall be those set forth in this Declaration, the Articles of Incorporation and the By-Laws, together with those reasonably implied to effect the purposes of the Association and this Declaration; ...".
Under the provisions of Article III, section G of the Articles of Incorporation (attached to the complaint below) the Association is granted the additional power "to enforce by legal means the provisions of the condominium documents, these Articles or the By-Laws of the Association and the regulations for use of the property in the condominium".
Article I, section 5, of the Declaration of Condominium (referred to in the instant complaint) provides in part that "The entire structure to be located on the Property will be built substantially in accordance with Plans and Specifications therefor prepared ...".
The foregoing statutory and documentary provisions clearly reflect and contemplate that a condominium association has a duty and responsibility to operate and maintain the condominium facility;[3] to act on behalf of all unit owners in connection therewith; and has the capacity as an individual entity to bring suit in furtherance of its statutory and documentary powers, duties and responsibilities. The language set forth in sec. 711.12(2), in clear and unmistakable *468 English, states that the association "shall have the capability of ... bringing suit"; and under the provisions of sec. 711.12(4) the association shall have those powers and duties also set forth "in the declaration and bylaws".
Therefore, regardless of the propriety vel non of the motion for judgment on the pleadings, Wittington Condominium Association does have the authority to bring suit in its individual capacity to enforce the provisions of the by-laws and condominium documents; and in particular to predicate an action based upon the allegation that construction of the condominium shall be "substantially in accordance with certain plans and specifications referred to therein ...".[4] The point is not the ability of the association to prove its allegations but rather the ability of the association to plead and maintain a cause of action, which it can and has done here, at least insofar as such action is predicated upon claims of negligent construction and breach of contract.[5]
As to the status of Victor Matthews, individually, we are satisfied that the allegations contained in the complaint (in particular the allegation that he is a condominium unit owner) are sufficient to demonstrate his interest and standing; and coupled with the other allegations pertaining to the multiple claims for relief are sufficient to withstand a motion for judgment on the pleadings.
As to the status of Victor Matthews in his capacity to maintain the instant suit "as a class action for those one hundred forty four (144) owners more or less, similarly situated", see footnote 1, supra, we are also of the view that the allegations set forth in the complaint have properly pled a class action within the standards enunciated in Port Royal, Inc. v. Conboy, Fla.App. 1963, 154 So.2d 734, 736, set forth, in part, as follows:
"It is fundamental that an action is not a class suit merely because the plaintiff designates it as such in the complaint and uses the language of the rule. Whether it is or is not a class suit depends upon the circumstances surrounding the case. However, the complaint should allege facts showing the necessity for bringing the actions as a class suit and the plaintiff's right to represent the class. The plaintiff should allege that he brings the suit on behalf of himself and others similarly situated. The complaint should allege the existence of a class, described with some degree of certainty, and that the members of the class are so numerous as to make it impracticable to bring them all before the court. It should be made clear that the plaintiff adequately represents the class, and *469 whether a party adequately represents the persons on whose behalf he sues depends on the facts of the particular case. Generally, the interest of the plaintiff must be co-extensive with the interest of the other members of the class. A class suit is maintainable where the subject of the action presents a question of common or general interest, and where all members of the class have a similar interest in obtaining the relief sought. The common or general interest must be in the object of the action, in the result sought to be accomplished in the proceedings, or in the question involved in the action. There must be a common right of recovery based on the same essential facts." (Emphasis added.)
See also Harrell v. Hess Oil and Chemical Corporation, supra. Paragraph 18 of the plaintiffs' complaint demonstrates that the plaintiff adequately represents the class to which he refers.[6] (See footnote 1, supra.)
In concluding that the Wittington Condominium Association has standing to maintain a suit individually we have not overlooked the recent decisions in Hendler v. Rogers House Condominium, Inc., Fla. App. 1970, 234 So.2d 128, and Commodore Plaza, etc. v. Saul J. Morgan Ent., Inc., Fla.App. 1974, 301 So.2d 783. We would point out that the facts in both suits render these decisions distinguishable. In Hendler and in Commodore the condominium association was seeking to quiet title to the common elements of the condominium project which feature is not present here. Additionally, in Hendler the condominium association sought to maintain a class action as distinguished from the individual action sought here. Moreover, we doubt Hendler's continued viability in light of the recent amendment to the Condominium Act. (Chap. 74-104; see f.n. 2, supra.)[7]
Accordingly, the final judgment on the pleadings is reversed and the cause remanded to the trial court for such further proceedings as may be consistent herewith.[8]
CROSS, J., concurs.
DOWNEY, J., specially concurs, with opinion.
DOWNEY, Judge (specially concurring).
I agree with the conclusion that a judgment on the pleadings was inappropriate in this case and that Wittington Condominium Apartments, Inc., can maintain the cause of action alleged in the complaint. However, it is my view that the condominium association has standing to sue for said cause of action either as a unit owner, as alleged in paragraph 16 of the complaint, or as a result of section seven of Chapter 74-104, Laws of Florida 1974, which section amended § 711.12, F.S. so as to authorize for the first time a condominium association to bring a class suit on behalf of the unit owners. The amended statute is procedural and remedial and should be applied to this case on appeal. City of Lakeland v. Catinella, Fla. 1961, 129 So.2d 133; Grammer v. Roman, Fla.App. 1965, 174 So.2d 443. Absent said amendment to § 711.12, F.S. or the allegation that the association owned an apartment unit, I do not believe the condominium association had standing to assert the cause of action pleaded in the complaint. Rubenstein v. Burleigh House, Inc., Fla.App. *470 1974, 305 So.2d 311; Commodore Plaza At Century 21 Condominium Association, Inc. v. Morgan Enterprises, Inc., Fla.App. 1974, 301 So.2d 783; Hendler v. Rogers House Condominium, Inc., Fla.App. 1970, 234 So.2d 128.
I also believe that on remand it would seem appropriate to eliminate the asserted class action by appellant Victor Matthews since the condominium association will be representing the class in question.
Accordingly, I concur in the decision to reverse the judgment appealed from.
NOTES
[1] The complaint as to the class action contained the following allegation:

"18. That the Plaintiff, Victor P. Matthews, is a shareholder member of the Wittington Condominium Apartments, Inc., by virtue of his fee interest in that condominium parcel known as unit 6-E of the Wittington Condominium and has a one (1/84) eighty fourth individual interest on the common elements of the Wittington Condominium, bringing this action as a class action for those one hundred forty four (144) owners more or less, similarly situated, those persons being too many to bring conveniently before the Court; further, was elected to the Board of Governors of the Wittington Condominium by the members as well as elected to the office of President of the Wittington Condominium Apartments, Inc."
[2] Chap. 711 and in particular § 711.12 was amended during the 1974 regular legislative session, effective October 1, 1974 (chap. 74-104, Laws of Florida). In particular, the amendment to sec. 711.12, as set forth in sec. 7 of chap. 74-104 now recognizes the standing of an association to maintain "a class action ... on behalf of unit owners of a condominium with reference to matters of common interest ...". As to the effect generally of a change in the law during the pendency of litigation see Ingerson v. State Farm Mutual Automobile Ins. Co., Fla.App. 1973, 272 So.2d 862.
[3] See Point East Man. C. v. Point East One Condominium C., Inc., Fla. 1973, 282 So.2d 628.
[4] It is to be noted that the complaint alleges that the Wittington Condominium Association owns an individual unit within the condominium. This allegation, although it may later prove to be incorrect, must be taken as true insofar as the motion for judgment on the pleadings is concerned. As such, the Wittington Condominium Association would possess a sufficient "interest" to maintain a suit in its individual capacity quite apart from the standing of the association to bring a suit under the aforementioned statutory and documentary provisions. The foregoing reflects an additional basis for determining the issue of Wittington's "standing" to maintain an action predicated upon the claims of negligent construction and breach of contract.
[5] The recent decision in Gable v. Silver, Fla. App. 1972, 258 So.2d 11, recognizes that the implied warranties of fitness of merchant-ability extends to the purchaser of a new condominium (adopted and approved by the Supreme Court of Florida in Gable v. Silver, Fla. 1972, 264 So.2d 418). The complaint does not indicate whether the interest of the condominium association is that of a new condominium owner as distinguished from a remote purchaser. If it is shown that the association does not even own a unit, a claim predicated upon implied warranty would not be applicable although such a claim might be asserted by an individual unit owner. Additionally, we doubt that the association could maintain an action based upon allegations of fraud and deceit for those reasons set forth in Osceola Groves v. Wiley, Fla. 1955, 78 So.2d 700.
[6] Although it may be said that a class action has been properly plead we seriously doubt that the counts relating to implied warranty and fraud and deceit can be maintained (see f.n. 4, infra.)
[7] It is interesting to note that although Hendler, supra, concluded that a class action could not be maintained the case was remanded for the purpose of affording the plaintiff an opportunity to amend his pleadings.
[8] It appears that the other matters assigned as error are rendered moot; to the extent that any trial court order predicated upon the entry of a judgment on the pleadings for the defendants is inconsistent herewith, such order is vacated and set aside.