DAUKSCH, Judge.
The trial court entered Judgment on the pleadings. We reverse.
Plaintiff alleges in her complaint that she is the owner of a restaurant and that she contracted with Stanley J. Bom-stein, P.A., doing business as American International Business Brokers, to have the brokers obtain a buyer for her restaurant. She alleges Trudy Temple gave the brokers a written offer to purchase the restaurant and the brokers negligently failed to deliver the offer to her in time for her to accept it. There is no allegation the plaintiff was injured by this negligence unless we go to a previous court in the complaint where she sued the broker’s salesman for his negligence (by the same acts) where it is alleged she was injured. But the previous count attempts to sue the salesman individually, even though it alleges he was acting “as a salesman for American International Business Brokers.” Therefore we take it as an allegation against the brokers, American International Business Brokers.
As can be seen, it is a most clumsily drawn complaint and that circumstance is aggravated by the Appellee not favoring us with a brief. Without the assistance of counsel our job is made much more difficult, and if it becomes a regular occurrence then our function could be so impaired as to be nigh impossible.
The complaint was met by the following answer by Bomstein:
“1. Defendant denies the allegations of paragraph 12 and demands strict proof thereof.
“2. Defendant admits the allegations of paragraph 12 and 14.”
As to paragraph 12 — does he admit or deny? In order to do equal justice for both parties we determine he denies the allegations of paragraph 12. Defendant goes on to deny the rest of the allegations and alleges an “affirmative defense” that the plaintiff’s attorney failed to convey the offer to plaintiff after he learned of it from defendant. Defendant does not allege what type of affirmative defense this is under the rules, if any. See Rule 1.110(d), Fla.R.Civ.P.
Quite reluctantly, we reverse the Judgment on the pleadings and remand the matter for further proceedings consistent herewith. Wittington Condominium Apts., Inc. v. Braemar Corp., 313 So.2d 463 (Fla. 4th DCA 1975).
CROSS and DOWNEY, JJ., concur.