CIRCUIT COURT OF THE CITY OF RICHMOND

Lou V. Stark

v.

William T. Johnstone and
Va. Orthopaedic Associates, Inc.

June 8, 1979

Case No. LC-149

By JUDGE WILLARD I. WALKER

This matter is before the court for an interpretation of the provisions of Rule 3:3 of the Rules of the Supreme Court of Virginia.

In this malpractice case, the plaintiff's cause of action was alleged to have arisen on January 20, 1976. The plaintiff, through counsel, filed his motion for judgment on January 20, 1978, and requested at that time that the Clerk not issue service of process against the defendants, William T. Johnstone and Virginia Orthopaedic Associates, Inc. Both of the defendants are residents of the City of Richmond and are easily located by anyone who would seek to serve process upon them. Between January 20, 1976, and January 20, 1978, counsel for the plaintiff engaged in dialogue with the insurance carrier for the defendants in the hope of reaching some resolution of the case short of filing suit. Failing in this, the suit was filed at the end of the two-year statute of limita-

tions period. For a relatively short time thereafter, counsel for the plaintiff continued to engage in dialogue with the insurance carrier for the defendants but was then made aware that his efforts in this line would not be successful. No representations were made to the plaintiff's attorney by the defendants' insurance carrier that if he would hold off serving papers upon their insured that they would attempt to work out some form of settlement.

On January 19, 1979, plaintiff's counsel came to the Clerk's Office of this court and sought to have a notice of motion for judgment issued. This was done on January 19, 1979, and was forwarded directly by the Clerk's Office to the Sheriff's Office on that date. Mr. Whitehurst assures the court that the Clerk's Office gave him assurances that these papers would reach the Sheriff's Office on the 19th, a Friday, and that they would be served on the 22nd of January, a Monday. He was also assured by the Clerk's Office that since the last day for his acting under the provisions of Rule 3:3 would fall on a Saturday, that Monday service would probably be effective. Service of process, however, upon the defendants was not effected until January 25, 1979.

Defendants have now moved to dismiss this action pursuant to the provisions of Rule 3:3 of the Rules of the Supreme Court of Virginia, which rule provides in pertinent part:

No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

As I perceive the meaning of Rule 3:3, the plaintiff is given a year after he files his motion for judgment in which to serve process upon the defendant, and his action may not be dismissed during that year, whether he has used diligence or not in attempting to secure service of process. See Nelson v. Vaughan, 210

Va. 1, 168 S.E.2d 126. However, after that year has expired, a defendant cannot be further harassed by the pendency of a law suit that has not been served upon him, and he is entitled to have the action dismissed, unless the plaintiff can then show that he exercised due diligence to have the service upon the defendant within one year and that even with this diligence he was unable to effect timely service.

Under the facts of this case, it does not appear to the court that Mr. Whitehurst exercised any diligence in obtaining service of process upon the defendants. These defendants were available at any time for service of process to be issued and served upon them, from the day the action was filed. It was counsel's election to wait out the full year given by Rule 3:3 before attempting to have service of process upon the defendants.

When plaintiff's counsel had reached the "eleventh hour" of the time allowed to him, he then went through the process of appearing in the Clerk's Office and of having the process issued and receiving the assurances he maintained he received from the Clerk's Office as to when the process would be served. Whether or not counsel is entitled to the assurances given him by unnamed individuals in the Clerk's Office of this court, is not an issue to be decided here.

When it develops that the process was not served within the one-year period, then plaintiff's counsel wishes to rely upon the diligence he exercised on January 19, 1979, as being that diligence called for under Rule 3:3.

Assuming, without deciding, that plaintiff's counsel did exercise due diligence on the 19th of January, 1979, I am persuaded that diligence on the last day of the one-year period allowed, the end result of which is not obtaining service until several days after that period has run, is not due diligence as called for in Rule 3:3.

Accordingly, the court finds that this action must be dismissed under the provisions of Rule 3:3 of the Rules of the Supreme Court of Virginia.