GREENTREE CONDOMINIUM ASSOCIATION, INC. *v.*
RSP CORPORATION ET AL.

SUPERIOR COURT        JUDICIAL DISTRICT OF        FILE NO. 168365
FAIRFIELD AT BRIDGEPORT

Memorandum filed February 22, 1980

*Goldman & Rosen*, for the plaintiff.

*Cohen & Wolf*, for the defendants.

ZARRILLI, J.   This is an action formed in three counts: (1) implied warranty, (2) express warranty and (3) breach of agreement.  The Greentree Condominium Association, Inc., its unit owners, board of directors and five individual unit owners seek to recover money damages from the defendants for failure to construct the units, common areas, facilities and improvements in a competent, workmanlike manner.  They allege that the materials used in the construction were not of good and proper quality and that the entire structure was not merchantable and habitable for its inhabitants.

By means of a motion to strike, the defendants seek to strike the complaint on two grounds insofar as it purports to allege a cause of action by Greentree Condominium Association, Inc. (hereinafter, the association).  First, they allege that because it was formed prior to 1977 it has, as a matter of law, no standing to bring the action on behalf of former unit owners and with respect to present unit owners whose claims do not involve common areas.  Second, they move to strike count one in its entirety for the

reason that prior to 1977 there was no recognizable cause of action for breach of implied warranties in the sale of condominium units.

The law is well established that under § 152 of the 1978 Practice Book the present motion to strike supplants the demurrer for the purpose of testing the legal sufficiency of a pleading, including, of course, the complaint. All facts appearing in the complaint are admitted for this purpose. The court will construe the complaint in the manner most favorable to the pleader. *McAdam* v. *Sheldon,* 153 Conn. 278, 280.

## I

Simplistically stated, "[s]tanding is the legal right to set judicial machinery in motion." *Hiland* v. *Ives,* 28 Conn. Sup. 243, 245. "It is a fundamental concept of judicial administration that no person is entitled to set the machinery of the courts into operation unless for the purpose of obtaining redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or representative capacity." *Waterbury Trust Co.* v. *Porter,* 130 Conn. 494, 498; *Bell* v. *Planning and Zoning Commission,* 174 Conn. 493, 498; *Belford* v. *New Haven,* 170 Conn. 46, 52. It is also well established that "[o]ne who is a party to an action in a representative capacity may have a right to appeal even though he has no personal interest in the controversy, if it is his duty to do so in order to protect the interests of those whom he represents." *Waterbury Trust Co.* v. *Porter,* supra, 499. To require a court to intervene in a controversy in the absence of a statute, the challenged action not only must affect the legal interests of a person in either a personal or representative capacity, but must do so with sufficient directness. See *Joint Anti-Fascist Refugee Committee* v. *McGrath,* 341 U.S. 123, 152 (concurring opinion of Frankfurter, J.).

A perusal of the complaint in its entirety discloses the following facts: The association was formed by the unit owners in accordance with a declaration of condominium and in accordance with its bylaws. The bylaws charge the association with the management, operation, care, and upkeep of its common areas which are owned in equal undivided percentages by the unit owners. On August 19, 1971, by a declaration of condominium, the defendants submitted the land and improvements thereon to a condominium form of ownership, pursuant to the requirements of the pertinent statutes, to be known and designated as Greentree Condominium Association, Inc. The defendants, either directly or indirectly, furnished the labor, material, and workmanship in the construction of the condominium units, including the common areas. The units were in various stages of construction when sold to the individual owners. The defendants "gave an implied warranty to unit owners and to Greentree Condominium Association, Inc., itself and/or as a third party beneficiary that the condominium units, common areas and facilities and improvements purchased by said unit owners from RSP Corporation and built by the defendants would be constructed and erected in a competent and workmanlike manner . . . ."

From those admitted facts the conclusion is inescapable that the association has standing, either directly or in a representative capacity, to maintain this action for the protection of the interests of the unit owners in pursuance of its obligations under the bylaws. Whether it can prove that an implied warranty was given to it raises a question of fact to be determined at the trial on the merits, but for the limited purpose of this motion it must be accepted by the court as proven. An implied war-

ranty is a conclusion or inference of law, pronounced by the court, on facts admitted or proved. See Ballentine's Law Dictionary (3d Ed.).

The defendants are not advantaged by the claim that § 47-80a (5) of the General Statutes, which authorizes an association to sue or be sued in any court, affects only those condominiums declared on and after January 1, 1977, and that therefore the association here has no standing to sue. Section 47-90c (a) specifically retains for condominiums declared prior to January 1, 1977, the rights and obligations and provisions of chapter 825 of the General Statutes in effect on December 31, 1976.

The court finds itself in accord with the claims made by the plaintiff in its brief that "the fact that Section 47-80a may not apply does not adversely affect the plaintiff's claim of breach" of implied warranty as alleged in the first count of the complaint or its standing to maintain the suit.

The case of *Governors Grove Condominium Association, Inc.* v. *Hill Development Corporation,* 35 Conn. Sup. 199, upon which the defendants rely so heavily, is clearly distinguishable. In the first place, *Governors Grove* was based on a motion to maintain a class action. Secondly, the claim here is not based on a statute but on an implied warranty, made directly to the association in pursuance of its obligations under the provisions of the bylaws.

## II

The defendants claim that the implied warranty of fitness and merchantability with respect to condominium units is not applicable to this case because § 47-74e of the General Statutes applies only to those units declared and sold on and after January 1, 1977 by virtue of the terms of § 47-90c. That claim is without merit. Once again, the court must

agree with the plaintiff's claim that the "statutory remedy provided by § 47-74e of the General Statutes is not exclusive." No case has been cited by the defendants to substantiate their claim, nor has any been found by the court.

Contrary to the defendants' claim, authority has been briefed by the plaintiff that courts in this state have ruled that the builder-vendor of a structure used for residential purposes impliedly warrants to his purchaser that the structure was erected in a workmanlike manner and is fit for its intended use. *Vernali* v. *Centrella*, 28 Conn. Sup. 476; *Mann* v. *Clowser*, 190 Va. 887, 901. There appears to be no valid reason why implied warranties should not be imposed upon builder-vendors of other types of structures, including condominiums and those used for commercial purposes. See *Pollard* v. *Saxe & Yolles Development Co.*, 12 Cal. 3d 374, 380, where the California Supreme Court appropriately observed that "builders and sellers of new construction should be held to what is impliedly represented —that the completed structure was designed and constructed in a reasonably workmanlike manner."

In the case of *Gable* v. *Silver*, 264 So. 2d 418, the Supreme Court of Florida gave recognition to a nonstatutory implied warranty in the sale of a condominium unit by a builder-developer. *Gable* states the rationale for its decision by referring to the case of *Bethlahmy* v. *Bechtel*, 91 Idaho 55, 67, wherein it is stated that "the trend of judicial opinion is to invoke the doctrine of implied warranty of fitness in cases involving sales of new houses by the builder. The old rule of caveat emptor does not satisfy the demands of justice in such cases. The purchase of a home is not an everyday transaction for the average family, and in many instances is the most important transaction of a lifetime. To apply the rule of caveat emptor . . . in favor of a

builder who is daily engaged in the business of building and selling houses, is manifestly a denial of justice." See also *Waggoner* v. *Midwestern Development, Inc.,* 83 S.D. 57.

Accordingly, the motion to strike the complaint is denied.