184 N.J. Super. 450 (1981)
446 A.2d 551
SIDNEY SILLER AND SHIRLEY SILLER, HIS WIFE; IRVING GAINES AND CORALIE J. GAINES, HIS WIFE; MARSHALL NATAPOFF AND JANET NATAPOFF, HIS WIFE; FRANCIS CLARK AND LUCILLE CLARK, HIS WIFE; AND JOEL KRAMER, SINGLE, PLAINTIFFS, AND HARMON COVE CONDOMINIUM II ASSOCIATION, INC., PLAINTIFF-INTERVENOR,
v.
HARTZ MOUNTAIN ASSOCIATES, A CORPORATION; HARMON COVE I CONDOMINIUM ASSOCIATION, INC., A CORPORATION; AND HARMON COVE RECREATION ASSOCIATION, INC., A CORPORATION, DEFENDANTS.
Superior Court of New Jersey, Chancery Division Hudson County.
Decided July 29, 1981.
*451 John Tomasin, attorney for plaintiffs.
Feuerstein, Sachs & Maitlin, attorneys for plaintiff-intervenor (Allan Maitlin of counsel).
Jeffer, Hopkinson & Vogel, attorneys for defendant Hartz Mountain Associates (Jerome A. Vogel of counsel).
Williams, Caliri, Miller, Otley & Horn, attorneys for defendant Harmon Cove I Condominium Association, Inc. and Harmon Cove Recreation Association, Inc. (Terrence Dwyer of counsel).
GAULKIN, J.S.C.
Plaintiffs, owners of five residence units at Harmon Cove I, a condominium development in Secaucus, New Jersey, brought this action seeking a variety of relief against defendants Hartz *452 Mountain Associates (Hartz Mountain),[1] Harmon Cove I Condominium Association, Inc. (Association) and Harmon Cove Recreation Association, Inc. (Recreation Association). By consent of the then parties, Harmon Cove II Condominium Association, Inc. has joined as a plaintiff-intervenor, seeking some of the same relief demanded by plaintiffs as well as other relief. Defendants have moved to dismiss plaintiffs' complaint on grounds that they are without capacity or standing to assert the causes of action set forth in their verified complaint.
The complaint alleges that Hartz Mountain was the planner, developer, builder and seller of both the Harmon Cove I and Harmon Cove II developments; that the Association is a nonprofit corporation which "took over the common elements" in the Harmon Cove I development pursuant to the master deed and bylaws of the Association, and that the Recreation Association is a nonprofit corporation "to which has been transferred and conveyed control of the recreational facilities at said Harmon Cove development...." Plaintiffs further allege that Hartz Mountain built the premises and the common elements in a defective and improper manner and in breach of express and implied warranties, specifying a variety of asserted construction defects both in the residential buildings and in the outlying structures and areas, including recreational areas. Based on those allegations, plaintiffs seek "specific performance to compel Hartz Mountain to specifically perform its undertakings" (first count) as well as for damages (second count). Plaintiffs further seek certification of their action as a class action (third count).
The critical issues on the present application are focused by the fourth count, in which plaintiffs allege that the Association and the Recreational Association undertook to assert and to negotiate and were purporting to settle the claims of all unit owners against Hartz Mountain; that the plaintiffs and other *453 unit owners have not been adequately informed or consulted with respect to any such negotiations or settlement, and that in any event the causes of action against Hartz Mountain are not within the authority of the Association or the Recreation Association to settle. Accordingly, plaintiffs seek declaratory judgment that "such settlement is beyond the powers" of the Association and Recreation Association, and they seek an injunction against the settlement without the consent of the unit owners and "a majority of property owners after full disclosure of all facts and reports as to common elements...."
When the complaint was filed plaintiffs' application for temporary restraints against the consummation of the contemplated settlement was denied upon representations by counsel for all defendants that any settlement would "be subject to any and all future rulings of the court upon the issues pleaded in the verified complaint." An order memorializing that understanding was entered November 24, 1980.
No question is raised here as to plaintiffs' rights, as members of the Association and Recreation Association, to seek relief against those entities for any assertedly wrongful actions taken by their managements. See Papalexiou v. Tower West Condominium, 167 N.J. Super. 516 (Ch.Div. 1979). Nor does this motion present the question whether individual unit owners can assert claims on behalf of all when their association fails to act. What is at issue, rather, is whether the Association and Recreation Association are without lawful authority to settle, on behalf of all the unit owners, the claims against Hartz Mountain.
The relations and rights of the parties are fixed by the Condominium Act, N.J.S.A. 46:8B-1 et seq. The act defines a "condominium" as
... the form of ownership of real property under a master deed providing for ownership by one or more owners of units of improvements together with an undivided interest in common elements appurtenant to each such unit. [N.J.S.A. 46:8B-3(h)]
The "unit" owned by the "unit owners" is defined as being "a part of the condominium property designed or intended for any *454 type of independent use ..." and includes "the proportionate undivided interest in the common elements...." N.J.S.A. 46:8B-3(o). "Common elements" is defined to include essentially all of the portions of the development which are alleged by plaintiffs here to have been improperly constructed:
(iii) yards, gardens, walkways, parking areas and driveways, excluding any specifically reserved or limited to a particular unit or group of units;
(iv) portions of the land or any improvement or appurtenance reserved exclusively for the management, operation or maintenance of the common elements or of the condominium property;
(v) installations of all central services and utilities;
(vi) all apparatus and installations existing or intended for common use;
(vii) all other elements of any improvement necessary or convenient to the existence, management, operation, maintenance and safety of the condominium property or normally in common use. [N.J.S.A. 46:8B-3(d)]
The proportionate interest in the common elements is "inseparable from such unit" and
... shall remain undivided and shall not be the object of an action for partition or division. The right of any unit owner to the use of the common elements shall be a right in common with all other unit owners (except to the extent that the master deed provides for limited common elements) to use such common elements in accordance with the reasonable purposes for which they are intended without encroaching upon the lawful rights of the other unit owners. [N.J.S.A. 46:8B-6]
Creation of a condominium requires the execution and recording of a master deed, N.J.S.A. 46:8B-8, which must include "the name and nature of the association...." N.J.S.A. 46:8B-9(k). "Association" is defined as "the entity responsible for the administration of a condominium, which entity may be incorporated or unincorporated." N.J.S.A. 46:8B-3(b).
The association thus required by statute is
... responsible for the administration and management of the condominium and condominium property, including but not limited to the conduct of all activities of common interest to the unit owners. [N.J.S.A. 46:8B-12]
Among its duties are "the maintenance, repair, replacement, cleaning and sanitation of the common elements." N.J.S.A. 46:8B-14(a). And, subject to the provisions of the master deed and its bylaws, the association "shall be an entity which shall act through its officers and may enter into contracts, bring suit and be sued." N.J.S.A. 46:8B-15(a).
*455 These provisions, read together with the remaining provisions of the Condominium Act, make abundantly clear the legislative intent to provide a mechanism by which the common interests of unit owners will be protected and advanced. That mechanism is the association, which, granted responsibility to conduct "all activities of common interest to the unit owners," indisputably has authority to act in behalf of all unit owners with respect to common elements. Indeed, at oral argument counsel for plaintiffs acknowledged that an association could properly contract on behalf of all unit owners, for example, to repave a parking area and that if the quality of the contractor's performance was disputed, the association could properly institute and settle litigation on behalf of all unit owners. Plaintiffs argue, however, that the statute allots to the association responsibility only for "administration," "management" and "operation" of the common elements, while the assertion of substantial claims against the original developer-owner involves "attributes of ownership and vindication of fundamental rights" which are beyond the contemplation of the statute, the master deed or the relevant bylaws.
Neither the language nor the sense of the statute, the master deed or the Association or Recreation Association bylaws warrants the distinction thus urged. Realistic and practical application of the statutory scheme requires that the language used in and pursuant to the statute be liberally construed to include the assertion and settlement of claims on behalf of unit owners against the developer with respect to common elements. To deprive the association of the right to act on behalf of all unit owners in such matters would leave the responsibility for and authority over the common elements fragmented and thus make vindication of the common rights highly uncertain, difficult and burdensome. The statute is clearly designed to avoid just that result.
The law cited from other jurisdictions is not persuasive of a contrary view. The cases upon which plaintiffs rely arose under early condominium statutes which were silent as to the right of *456 the association to sue on behalf of unit owners; finding no specific authority granted to the association, courts relied on strict local pleading rules to find that claims must be prosecuted by the real parties in interest, that is, the unit owners themselves. See, e.g., Friendly Village Community Ass'n, Inc. v. Silva & Hill Constr. Co., 31 Cal. App.3d 220, 107 Cal. Rptr. 123 (D.Ct.App. 1973); Rubenstein v. Burleigh House, Inc., 305 So.2d 311 (Fla.D.Ct.App. 1974); Deal v. 999 Lakeshore Ass'n., 94 Nev. 301, 579 P.2d 775 (Sup.Ct. 1978). On the other hand, where the legislative language or local pleading rules have been found to permit, the right of the association to sue in behalf of all unit owners with respect to common elements has been upheld. See, e.g., Owens v. Tiber Island Condominium Ass'n, 373 A.2d 890 (D.C.App. 1977); Greentree Condominium Ass'n, Inc. v. RSP Corp., 36 Conn. Supp. 160, 415 A.2d 248 (Super.Ct. 1980); Wittington Condominium Apts., Inc. v. Braemar Corp., 313 So.2d 463 (Fla.D.Ct.App. 1975), cert. den. 327 So.2d 31 (Fla.Sup.Ct. 1976). See, generally, Note, "Condominium Class Actions," 48 St. John's L.Rev. 1168 (1974); Annotations, 72 A.L.R.3d 314 (1976), 69 A.L.R.3d 1148 (1976).
In New Jersey representative associations have long had standing to sue on behalf of their members even in the absence of statutory authority. See, e.g., Crescent Park Tenants Ass'n v. Realty Equities Corp. of N.Y., 58 N.J. 98 (1971). Our Condominium Act goes well beyond a mere permissive grant of standing: the statute fixes the substantive rights and duties of a condominium association. By describing rights in common elements as indivisible and held in common, and giving to the association all responsibility for "administration and management" and for "the conduct of all activities of common interest" with the right to "bring suit," the statute must be said to grant to the Association and Recreation Association here the right to act on behalf of all unit owners in asserting and litigating or settling their common elements claims against Hartz Mountain. Defendants' application to dismiss the complaint is therefore granted with respect to the first, second, third and fifth counts, *457 all of which assert causes of action against Hartz Mountain alone.
As earlier noted, however, that disposition does not determine or limit the rights of plaintiffs to challenge on either procedural or substantive grounds the actions taken or contemplated on their behalf by the Association and the Recreation Association. See Papalexiou v. Tower West Condominium, supra. The fourth count of the complaint may be read as addressing such issues, though indistinctly. Plaintiffs shall be accorded 30 days from the date hereof to amend and supplement the fourth count of the complaint, if they choose, to specify whether and in what manner and on what grounds they challenge the actions of the Association or Recreation Association; in the absence of such a clarifying amendment, the fourth count will as well be dismissed on the grounds already stated.
NOTES
[1] Hartz Mountain was erroneously named as Hartz Mountain Industries, Inc., a corporation; the appropriate amendment was noted on the record at argument but was never memorialized in an order.