## CIRCUIT COURT OF ARLINGTON COUNTY

Lorcom House Condominium

    v.

Ralph A. Wells et al.

August 23, 1984

Case No. (Law) 21072

By JUDGE THOMAS R. MONROE

This case is before this Court to consider Defendants' Ralph A. Wells, Glenn A. Roursevell, Elan Associates and ABKO Corporation Motion to Dismiss, Demurrers and Plea to Statute of Limitations and Defendant's Holiday Inn Employees Pension Plan (Neville McKay, Trustee) Motion to Dismiss.

Initially the Court will consider the Motion to Dismiss by Holiday Inn. Defendant alleges he was not served, in accordance with Rule 3:3(c) of the Rules of the Supreme Court of Virginia, within one year from the date the Motion for Judgment was filed, to wit: July 30, 1979. The Rule states, in pertinent part:

> No judgment shall be entered against a defendant who was served with process more than one year after the commencement of the action against him unless the court finds as a fact that the plaintiff exercised due diligence to have timely service on him.

The question before the Court was whether Plaintiff exercised due diligence to have Defendant Holiday Inn Employees Pension Plan timely served. In *Atkinson v. Moore*, 159 Va. 643, 167 S.E. 367 (1933), the Supreme Court of Virginia, at 653-4 citing *Mathews*

*v. Glenn*, 9 Va. L. Reg. at 553 (1903), stated Plaintiff

> should use such a degree of diligence as diligent persons of ordinary intelligence would ordinarily exercise under like circumstances . . . . There must be an active, faithful, and reasonably intelligent search for the information.

The Court's file contained the initial return of service on Mr. McKay as Trustee for Defendant Holiday Inn Employees Pension Plan dated August 8, 1979, and said return indicated by the Sheriff's notation that the Defendant was "on vacation--returns middle of September." No additional attempt was made to serve Mr. McKay for over a year. The second return was dated returned and filed August 22, 1980. Defendant was served on the third attempt. Said service was executed on June 21, 1982, a period over thirty-four months from the filing of Plaintiff's Motion for Judgment. This Court is of the opinion that Plaintiff has not exercised due diligence in attempting to have Defendant timely served. Accordingly, Defendant's Motion to Dismiss shall be, and the same hereby is, granted.

Before considering the motions filed by the remaining Defendants some brief discussion of the background of this case is in order.

The Plaintiff, Lorcom House Condominium, filed a Motion for Judgment containing numerous counts seeking money damages, compensatory and punitive, as occasioned by the alleged improper structural repairs of the Lorcom House Condominium by named Defendants Ralph A. Wells, Glenn A. Roursevell, Holiday Inn Employees Pension Plan (Neville R. McKay, Trustee), Elan Associates and ABKO Corporation (declarant-developers or successors to the declarant-developer). The suit was instituted by Lorcom House Condominium. No other party or entity or person was named as a party plaintiff.

The complaint which alleged improper structural repairs made during a conversion project (rental to sales), set forth various alleged defects in the common elements and seeks recovery predicated upon various legal theories such as breach of implied and express warranty, fraud and misrepresentation, and

publication and circulation of deceptive and misleading advertisements.

Answers were filed by Defendants in which the material allegations of the complaint were denied. Subsequently, various motions were filed including motions to dismiss, demurrers and pleas to the Statute of Limitations. The primary thrust of the Motion to Dismiss was directed at the propriety of maintaining an action by a juridical non-entity. Based upon a review of the applicable case law and memoranda of points and authorities submitted by counsel it is the opinion of this Court that Plaintiff's Motion for Judgment be dismissed.

In *Wittington Condominium Apartments, Inc.* v. *Braemar Corporation*, 313 So.2d 463 (1975), the court, in pertinent part, stated:

> In examining the Complaint, we cannot conclude that it is *totally deficient* insofar as the standing or capacity of the named parties are concerned. The plaintiff's efforts to take a "shotgun" approach in the description and joinder of party-plaintiffs, although somewhat cumbersome, is not fatal so as to preclude at least one of the named plaintiffs from being able to maintain a cause of action against the defendants . . . (italics mine)

The capacity of Plaintiff, Lorcom House Condominium, is, referring to *Wittington*, at p. 466, "totally deficient." The only party plaintiff, Lorcom House Condominium, has no cause of action against the named defendants. In *Rockwell* v. *Allman*, 211 Va. 560 (1971), and more appropriately *Lechre* v. *Seal*, 161 Va. 215 (1933), judgment was a nullity. Lorcom House Condominium is a non-entity. As such this case of *Lorcom House Condominium* v. *Ralph A. Wells et al.* cannot continue to final judgment. Accordingly, this Court holds that this case be, and the same hereby is, dismissed.

As the Court has ruled that this case be dismissed as to all Defendants, the remaining matters before the Court need not be considered.