# CIRCUIT COURT OF ARLINGTON COUNTY

Clark

v.

Murphy
and Butler Aviation

September 16, 1988

Case No. (Law) 88-725

By JUDGE THOMAS R. MONROE

This matter came on before me August 12, 1988, on Defendant Butler Aviation's Plea In Bar. The primary issue is what effect Plaintiff's failure to serve process on the Defendant within one year of the commencement had on a subsequent nonsuit and later refiling of the cause of action.

The parties do not dispute that Rule 3:3 requires a plaintiff to file a Motion for Judgment within the applicable statute of limitations and provide notice to defendants by serving them within one year of the filing. Nor do they contest that unless a showing of due diligence has been made, where service has not been timely, the action will be dismissed. *Lorcom House Condominium v. Wells*, ·3 Va. Cir. 226 (1984); *Nelson v. Vaughan*, 210 Va. 1 (1969).

Plaintiff's position, however, is that a nonsuit taken after the failure to timely serve allows a refiling of the cause of action pursuant to 8.01-229(E)(3), Code of Virginia. Thus, the effect of the nonsuit would be to grant an additional six month period for refiling, as well as another year for service on any defendant.

A nonsuit, however, will be ineffective in reviving a cause of action for a later refiling where a failure

to comply with service requirements has already occurred. The matter has already abated. However, where an action is nonsuited but one year (for the purpose of service) has not passed, the nonsuit is effective and a refiling under Section 8.01-229(E)(3) is valid.

While Clark goes on to argue that due diligence was used in attempting timely service and therefore the one-year service rule does not apply, this is not demonstrated by the facts at hand. It is true that due diligence is an exception to the service requirement, *Lorcom House; Nelson, supra*, but plaintiff has fallen some distance short of demonstrating due diligence. Plaintiff's attempts to settle this matter with defendant's insurance carrier not only do not rise to the level of due diligence, but are irrelevant. *Stark v. Johnstone*, 2 Va. Cir. 476 (1979). Furthermore, Butler Aviation has maintained the same Alexandria address since before suit was instituted and has continually had a registered agent listed with the State Corporation Commission as well. For these reasons due diligence has not been shown.

Because the nonsuit was ineffective, the statute of limitations expired prior to the refiling of the suit. Butler Aviation's Special Plea in Bar is therefore sustained.