[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The defendant moves to strike the third and fourth counts of the plaintiffs' amended complaint dated March 16, 1990 on the grounds that the allegations in the complaint are legally insufficient to state a claim for wilful, wanton or reckless misconduct.
By a four-count complaint filed July 5, 1989, plaintiffs Henry Just and Mary Just brought this action against defendant Meriden Industrial Laundry, Inc. The plaintiffs allege the following in their amended complaint dated March 16, 1990. On May 24, 1988 plaintiff Henry Just delivered a chemical solution known as Dynalite to the defendant's facilities in Meriden. While making that delivery to defendant Meriden Industrial Laundry, Inc. (hereinafter Meriden), chemicals from the stand pipe leading to the storage tank splashed into his eyes causing him various injuries.
Count One alleges negligence on the part of defendant Meriden, and Count Two seeks recovery for loss of consortium arising as a result of that negligence. Count Three alleges wilful, wanton or reckless misconduct on the part of the defendant Meriden, and Count Four seeks recovery for loss of consortium arising as a result of that wilful, wanton or CT Page 1941 reckless misconduct. Plaintiffs claim monetary damages, exemplary or punitive damages and costs.
On May 29, 1990, defendant Meriden filed a motion to strike the third and fourth counts of the amended complaint and a memorandum in support of the motion to strike. Meriden claims that plaintiffs have not alleged "any wanton or malicious misconduct on behalf of the defendant, and, therefore, there is no basis for a claim for exemplary damages."
Plaintiff's memorandum in opposition to Meriden's motion to strike is dated May 31, 1990.
The purpose of a motion to strike is to "contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted." Conn. Practice Bk. 152; Gordon v. Bridgeport Housing Authority,208 Conn. 161, 170 (1988). All facts appearing in the complaint are admitted for this purpose. Greentree Condominium Associations, Inc. v. R.S.P. Corp., 36 Conn. Sup. 160, 162
(Super.Ct. 1980). Additionally, in ruling on the motion to strike, the court is limited to only those facts alleged in the complaint. Rowe v. Godou, 209 Conn. 273, 278 (1988). The court must construe the facts alleged in the complaint in the manner most favorable to the plaintiff. Id. If the factual allegations would support a cause of action, the motion to strike must be denied. Alarm Applications Co. v. Simsbury Volunteer Fire Co., 179 Conn. 541, 545 (1980).
To furnish a basis for recovery of punitive damages, the pleadings must allege wanton or wilful malicious misconduct, and the language contained in the pleadings must be sufficiently explicit to inform the court and opposing counsel that such damages are being sought. Markey v. Santangelo, 195 Conn. 76,77 (1985). Furthermore, it is fundamental that a plaintiff's right to recovery is measured by the allegations in his complaint. Waterbury Petroleum Products, Inc. v. Canaan Oil Fuel Co., 193 Conn. 208, 235 n. 35 (1984).
There is a wide difference between negligence and reckless or wanton misconduct. Sheiman v. Lafayette Bank 
Trust Co., 4 Conn. App. 39, 45 (1985), citing Brock v. Waldron,127 Conn. 79, 81 (1940).
 Recklessness is a state of consciousness with reference to the consequences of one's acts. It is `more than negligence, more than gross negligence.' The state of mind amounting to recklessness may be inferred from conduct. But, in order to CT Page 1942 infer it, there must be something more than a failure to exercise a reasonable degree of watchfulness to avoid danger to others or to take reasonable precautions to avoid injury to them. Wanton misconduct is reckless misconduct. `It is such conduct as indicates a reckless disregard of the just rights or safety of others or of the consequences of the action.' Wilful misconduct has been defined as intentional conduct designed to injure for which there is no just cause or er excuse. `[Its] characteristic element is the design to injure either actually entertained or to be implied from the conduct and circumstances.' Not only the action producing the injury but the resulting injury also must be intentional. (Citations omitted).
Dubay v. Irish, 207 Conn. 518, 532-33 (1988).
 `[W]illful,' `wanton,' or `reckless' conduct tends to take on the aspect of highly unreasonable conduct, involving an extreme departure from ordinary care, in a situation where a high degree of danger is apparent. . . . It is at least clear . . . that such aggravated negligence must be more than any mere mistake resulting from inexperience, excitement, or confusion and more than mere thoughtlessness or inadvertence, or simply inattention. . . . [citation omitted].
Id. at 533.
In the present case plaintiffs allege that defendant Meriden Industrial Laundry failed to warn plaintiff Henry Just that Dynalite was a dangerous liquid chemical. Plaintiffs further allege that Meriden had no shield or other safety device around the coupling of the filler pipe and the chemical line to the storage system. Finally, not only was there no eyewash equipment on the premises, in violation of Federal OSHA requirements, but also, Meriden had no emergency plan and failed to rush said plaintiff to a hospital.
From the facts alleged, one could infer from the conduct of the defendant a reckless disregard of the safety CT Page 1943 of others or of the consequences of the action. Thus, factual allegations in the complaint support a cause of action for wilful, wanton or reckless misconduct. Accordingly, the defendant's motion to strike the third and fourth counts of the amended complaint dated March 16, 1990 is denied.
Hennessey, J.