NATHAN, Judge.
Plaintiffs, Louis A. Breslerman and Shirley G. Breslerman, his wife, condominium unit owners in the Maison Grande Condominium, on behalf of .themselves and all others similarly situated, appeal from an order of the trial court dismissing, with prejudice, their third amended complaint in a class action for damages and recission of a 99-year recreation lease entered into on November 24, 1971, between Dorten, Inc., a Florida corporation, and Norman H. Goldstein, as trustee under the Siegel family trust, lessors and Maison Grande Condominium Association, Inc., lessee. These parties are all named defendants in the action.
The third amended complaint alleges that the 99-year lease covers the Maison Grande communal recreational area which is built upon property encroaching, in part, on public lands. It further alleges that the defendant-lessors have no possessory interest in the property in question which could be leased to the unit owners and that they knew at the time of the execution of the lease that they did not have title to the property, but that, in fact, the property conveyed was beyond the mean high water mark and thus the lease failed for lack of consideration, and was void and illegal as against public policy; and that the property sought to be conveyed for 99 years was, in fact, public property which could not be conveyed by the defendants who seek to secure rental for land not owned by them. The plaintiffs seek recission of the lease and damages in the amount of monies already paid to the defendants as rental under the lease.
The trial court dismissed the third amended complaint with prejudice, having determined that “a class action does not lie in the premises”. It appears that the complaint would comply with the requirements necessary to proceed with a class action, as set forth in Port Royal, Inc. v. Conboy, Fla.App.1963, 154 So.2d 734, 736-737 and Costin v. Hargraves, Fla.App.1973, 283 So.2d 375, 376-377. However, it is fatally defective for the reason that it sounds in fraud and deceit. A cause of action based ■upon fraud and deceit is generally inappropriate for a class action. Osceola Groves v. Wiley, Fla.1955, 78 So.2d 700; *444 Hendler v. Rogers House Condominium Incorporated, Fla.App.1970, 234 So.2d 128. We find that the alleged facts in the instant case present no exception to the general rule and, therefore, the order of the trial court is affirmed.
Affirmed.