PER CURIAM.
This is an interlocutory appeal from orders granting a temporary injunction and the denial of a motion to dismiss.
The plaintiff-appellee is Palm Beach County. The defendant-appellant is the Town of Palm Beach. The County brought suit seeking to restrain the Town from adopting an ordinance or resolution abandoning four beach access roads within the Town limits.
The trial court granted a temporary injunction upon finding that “the public will suffer irreparable harm by being denied access to the beach . . .” and it denied the Town’s motion to dismiss.
The appellate questions involve the propriety of the court’s orders granting a temporary injunction and denying appellant’s motion to dismiss. We also raised the question of the appellee’s standing to maintain this suit.
Upon more mature consideration of the case we have elected not to treat the propriety of the order denying the motion to dismiss as the complaint has not been included in the record. We also decline to pass on the question of standing since *357 that issue was not presented to the trial court.
Turning now to the temporary injunction, we note that in general courts will not enjoin the exercise of discretionary powers conferred on municipalities, unless the act complained of is illegal, fraudulent or clearly oppressive. Although, on proper showing a municipality may be restrained from the arbitrary exercise of its lawful powers, for these powers must be exercised in conformity with the organic rights of individuals. 17 Fla.Jur., Injunction, § 57.
The view has been taken that the courts may enjoin the passage of an ordinance which is beyond the scope of the power of a municipal corporation where its passage would work irreparable injury, for in such a case the municipality is acting with no authority of any kind. McQuillin, Municipal Corporations, vol. 5, sec. 16.92, pp. 297-298.
To justify a temporaary injunction in this case the court must find that irreparable injury would accrue to appellee if the appellant was not enjoined while the suit was pending. However, it is clear to us that the irreparable injury which the trial judge found was not injury which could occur because the status quo was not maintained pending suit, but rather injury which will occur upon the passage and enforcement of the proposed ordinance or resolution. Since the later type injury could be prevented by injunction after the ordinance or resolution is passed, no irreparable injury is demonstrated.
Accordingly, the order granting temporary injunction is reversed and the cause is remanded for further proceedings.
WALDEN, C. J., DOWNEY, J., and MORROW, RUSSELL O., Associate Judge, concur.