362 So.2d 37 (1978)
Louis A. BRESLERMAN et al., Appellants,
v.
DORTEN, INC., a Florida Corporation, et al., Appellees.
No. 77-1601.
District Court of Appeal of Florida, Third District.
July 18, 1978.
Rehearing Denied September 27, 1978.
*38 Grusmark, Jaffe & Karten and Milton E. Grusmark, Miami, for appellants.
Schwartz, Klein & Steinhardt and Norman S. Klein, Miami, for appellees.
Before HENDRY, NATHAN and KEHOE, JJ.
PER CURIAM.
This is an appeal by the plaintiffs from an order dismissing their complaint in a class action for recission of lease and damages. The record reflects that in or about 1975, the plaintiffs filed a class action for damages and recission of a 99 year condominium recreation lease alleging that a portion of the leased condominium recreation property is located beyond the mean high water mark. The trial judge dismissed the complaint. On appeal to this court, the order of dismissal was affirmed for the reason that the complaint sounded in fraud and deceit. It was held that a cause of action based on fraud and deceit is generally inappropriate for a class action. Breslerman v. Dorten, Inc., 320 So.2d 442, 443 (Fla. 3d DCA 1975).
In or about 1976, the plaintiffs proceeded to refile their class action, deleting the allegations of fraud and deceit. Upon motion of the defendants, the trial court again dismissed the complaint and this appeal ensued.
Review of the complaint as refiled discloses that plaintiffs state a valid cause of action for a class action. Port Royal, Inc. v. Conboy, 154 So.2d 734 (Fla. 2d DCA 1963); Costin v. Hargraves, 283 So.2d 375 (Fla. 4th DCA 1973). Further, we hold that Section 718.111, Florida Statutes (1977), does not prohibit a condominium unit owner from bringing a class action on behalf of all unit owners of the condominium similarly situated. Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081 (Fla. 4th DCA 1976). Therefore, we find that the trial court erred in dismissing the complaint.
Reversed and remanded.