DELL, Judge.
Appellant, Condominiums on the Intra-coastal Association, Inc., appeals from an order enjoining it from conducting a special meeting of its membership to vote on a proposed amendment to its declaration of condominium.
Appellant entered into an agreement with the City of Riviera Beach concerning the enforcement of certain site restrictions that affected the use of appellant’s commercial condominium units. The agreement called for an amendment to the declaration of condominium to reinstate restrictions imposed on the original site plan by the city. The declaration of condominium required a favorable vote of 75 per cent of the unit owners for approval of the amendment. Appellee, the mortgagee on the commercial condominium units, filed suit seeking temporary and permanent injunc-tive relief to prohibit the association from holding the special meeting to vote on the proposed amendment. The trial court granted appellee’s motion for a temporary injunction and enjoined appellant from holding the special meeting. The trial court found:
[T]hat if the Proposed Amendment is adopted as written, the Plaintiff will suffer irreparable harm in that the City of Riviera Beach shall upon notice of adoption of the Proposed Amendment, immediately impose site plan restrictions on the Units. Such site plan restrictions would restrict business and commercial use of the Units to usage by unit owners at the condominium only. Such site plan restrictions constitute a change in the Units and will impair the Plaintiffs mortgage on the Units in that it will fundamentally change the nature of the collateral which secures the Plaintiffs mortgage on the Units.
Appellant contends the trial court abused its discretion by enjoining the association because the bank failed to prove the essential elements that would have entitled it to a temporary injunction. We agree and reverse the order granting the temporary injunction.
A condominium association is a corporation with unit owners as shareholders. See § 718.111(l)(a), Florida Statutes, Supp. (1986). The declaration of condominium provides for amendment by a vote of the unit owners pursuant to section 718.-110(l)(a), Florida Statutes (1986). The injunction in this case enjoins the condominium association from conducting a properly called special meeting to vote on the passage of an amendment to the declaration of condominium. Appellee has not alleged nor has it proved an infirmity in the procedure for the special meeting or in the content of the amendment. Rather, appellee *86 predicts that the passage of the amendment and the resulting enforcement of the original site restrictions will affect the value of its security interest in the subject property thereby causing it irreparable harm.
We have found no Florida case that directly addresses the question of whether a condominium association can be enjoined from conducting a properly called meeting to consider passage of an amendment such as that proposed here. However, we hold that the entry of the injunction in this case was premature since the injury complained of is speculative and contingent. We find support for this conclusion in the reasoning expressed in Town of Palm Beach v. Palm Beach County, 332 So.2d 355 (Fla. 4th DCA 1976) in which we held:
To justify a temporary injunction in this case the court must find that irreparable injury would accrue to appellee if the appellant was not enjoined while the suit was pending. However, it is clear to us that the irreparable injury which the trial judge found was not injury which could occur because the status quo was not maintained pending suit, but rather injury which will occur upon the passage and enforcement of the proposed ordinance or resolution. Since the later type injury could be prevented by injunction after the ordinance or resolution is passed, no irreparable injury is demonstrated.
Id. at 357.
The record contains no evidence to support a finding that the members of the condominium association will in fact pass the amendment. Nor has appellee demonstrated a clear legal right to the relief sought by injunction or that money damages would be an inadequate remedy in the event injury should occur. See Finkelstein v. Southeast Bank, N.A., 490 So.2d 976 (Fla. 4th DCA 1986). Therefore, to predict the effect of the amendment as it relates to appellee would require pure speculation and conjecture.
Accordingly we reverse the order granting the temporary injunction. We need not address appellant’s second point on appeal in view of this result.
REVERSED.
WALDEN and STONE, JJ., concur.