ON MOTION FOR REHEARING
LETTS, Judge.
We grant appellees’ motion for rehearing, withdraw our opinion of August 26, 1992, and substitute the following therefor.
In this case, the trial court granted a final judgment dismissing the complaint as *1015 follows: “the court finds that an individual unit owner may not maintain a claim for [construction] defects in the common elements or common areas of the condominium.” We reverse.
The builder and developer defend the favorable ruling from the court below claiming the condominium association is the agent, contractually and by statute, for the individual unit owners and that it has the exclusive right to sue concerning maintenance and repair of the common areas. In this respect, the appellees liken the individual unit owners to mere shareholders in a corporation and argue, citing Grandin Indus., Inc. v. Florida Nat’l Bank at Orlando, 267 So.2d 26 (Fla. 4th DCA 1972), that shareholders have no standing to sue in their individual capacity. We agree that individual condominium unit owners are akin to shareholders in a condominium association, see Condominiums on the Intracoastal Ass’n., Inc. v. Barnett Bank of Palm Beach County, 502 So.2d 84 (Fla. 4th DCA 1987), but we disagree that they have no standing to sue under the circumstances sub judice. Under section 718.103(10), Florida Statutes (1991), the word “condominium” is defined:
“Condominium” means that form of ownership of real property which is created pursuant to the provisions of this chapter, which is comprised of units that may be owned by one or more persons and in which there is appurtenant to each unit, an undivided share in common elements.
(Emphasis supplied.)
A simpler definition appears in the ensuing sub-paragraph (11), where a “condominium parcel” is defined to include “a unit, together with the undivided share in the common elements which is appurtenant to the unit.” There can be no question but that each unit owner OWNS an undivided share in the common elements and, as such, is a “real party in interest” and “may sue in his own name.” Fla.R.Civ.P. 1.210(a).
We also note that section 718.111(3), Florida Statutes (1991), which authorizes a condominium association to sue on behalf of all unit owners, concludes in its ultimate sentence: “Nothing herein limits any statutory or common law right of any individual unit owner ... to bring any action without participation by the association....”
The appellees concede that no Florida court has yet directly ruled that an individual unit owner does not have standing to sue individually for construction defects to the common elements. However, they cite, appropriately, to a New Jersey case which held that causes of action to remedy such defects belong exclusively to condominium associations unless the suit filed is derivative or the association refuses to act. Siller v. Hartz Mountain Assocs., 93 N.J. 370, 461 A.2d 568, (N.J.), cert. denied, 464 U.S. 961, 104 S.Ct. 395, 78 L.Ed.2d 337 (1983).[1] We decline to follow Hartz and would note in passing that, unlike Florida, the New Jersey statute quoted in Hartz does not contain a reservation of common law rights.
Notwithstanding the paucity of Florida law, there is language out of this court which expresses support for our conclusion, dicta though it may be. In Wittington Condominium Apts., Inc. v. Braemar Corp., 313 So.2d 463, 468 (Fla. 4th DCA 1975), cert. denied, 327 So.2d 31 (Fla.1976), it was said:
As to the status of [the unit owner] individually, we are satisfied that the allegations contained in the complaint (in particular the allegation that he is a condominium unit owner) are sufficient to demonstrate his interest and standing.
We concede that practical difficulties are inherent in our conclusion, several of which are discussed in the above-cited New Jersey decision. For example, if the individual unit owner is ultimately successful, what is the measure of damages to that unit as distinct from the remaining units? Therefore, pursuant to Florida Rule of Appellate Procedure 9.030(a)(2)(A)(v), we certify the *1016 following question as one of great public importance:
MAY AN INDIVIDUAL CONDOMINIUM UNIT OWNER MAINTAIN AN ACTION FOR CONSTRUCTION DEFECTS IN THE COMMON ELEMENTS OR COMMON AREAS OF THE CONDOMINIUM?
REVERSED AND REMANDED.
STONE and FARMER, JJ., concur.

. In the case at bar, the record is silent as to whether the association refused to act upon the derivative.