626 So.2d 1350 (1993)
ROGERS & FORD CONSTRUCTION CORPORATION, etc., et al., Petitioners,
v.
CARLANDIA CORPORATION, Respondent.
No. 80788.
Supreme Court of Florida.
November 10, 1993.
*1351 Thomas D. Daiello of Marchbanks, Daiello & Leider, P.A., Boca Raton, and Roy E. Fitzgerald of Gunster, Yoakley & Stewart, P.A., West Palm Beach, for petitioners.
Louis R. McBane and J. Kory Parkhurst of Boose, Casey, Ciklin, Lubitz, Martens, McBane & O'Connell, West Palm Beach, for respondent.
BARKETT, Chief Justice.
We have for review Carlandia Corp. v. Rogers & Ford Construction Corp., 605 So.2d 1014 (Fla. 4th DCA 1992) (on rehearing), which certified the following as a question of great public importance:
May an individual condominium unit owner maintain an action for construction defects in the common elements or common areas of the condominium?
Id. at 1016. To clarify the issue in conformity with the facts presented in this case, we rephrase the question to ask two questions:
(1) Does a condominium unit owner have standing to sue the developer or general contractor to recover damages for construction defects or deficiencies in the common elements or common areas of the condominium?
(2) If so, must the interests of the other unit owners be represented in the suit for the unit owner with standing to maintain the action?
We answer both questions in the affirmative as set forth below.[1]
In 1986, Carlandia Corporation (Carlandia) purchased a condominium unit in the Two North Breakers Row Condominium in Palm Beach County. Flagler Properties, Inc. (Flagler) developed the property, and Rogers & Ford Construction Corp. (Rogers & Ford) was the general contractor.[2]
About four years later, Carlandia filed suit against Flagler and Rogers & Ford.[3] Its amended complaint sought damages arising from thirty-three alleged construction defects or deficiencies in various common areas or elements of the condominium, but did not allege any defects in Carlandia's individual unit. The allegations concerned breaches of duties allegedly owed to all of the unit owners rather than duties owed to any one particular unit owner.
Flagler and Rogers & Ford moved to dismiss, contending, among other reasons, that Carlandia had no standing because the Condominium Act, codified in chapter 718, Florida Statutes (1991), gave only the condominium association the right to sue for damages to common elements of the condominium; that Carlandia was not the real party in interest under Florida Rule of Civil Procedure 1.210; and that Carlandia did not join *1352 an indispensable party, the condominium association. The circuit court granted the motions and dismissed the complaint with prejudice on the sole ground that
an individual unit owner may not maintain a claim for [construction] defects in the common elements or common areas of the condominium.
The court reaffirmed its ruling on rehearing and expressly stated that its decision was not based on the indispensable party doctrine, thereby precluding Carlandia from joining the condominium association or the other unit members to maintain the action.
The Fourth District reversed, holding that Carlandia had standing to sue. The court reasoned that pursuant to the definitions in sections 718.103(10) & (11), Florida Statutes (1991), condominium unit owners own an undivided share in the common elements and therefore must be real parties in interest under Florida Rule of Civil Procedure 1.210(a). Moreover, section 718.111(3), which conferred on a condominium association certain powers to sue, preserved the unit owner's statutory and common law right to bring any action without participation by the condominium association. Carlandia Corp., 605 So.2d at 1015.
The condominium is a hybrid estate in property law whereby an individual obtains fee simple ownership of a unit and shares with other unit owners an undivided interest in the common elements. See, e.g., § 718.103, Fla. Stat. (1991). In Florida, this form of property has been expressly recognized by the Legislature and is subject to its control and regulation. See id. § 718.102; see also Century Village, Inc. v. Wellington, E, F, K, L, H, J, M, & G, Condominium Ass'n, 361 So.2d 128, 133 (Fla. 1978).
Although the Legislature may regulate property rights with respect to condominium property, the Legislature may not constitutionally determine whether a party has standing in a particular cause. Only courts can define the proper parties in litigation. Avila South Condominium Ass'n, Inc. v. Kappa Corp., 347 So.2d 599, 608 (Fla. 1976); see also The Fla. Bar re Rule 1.220(b), Fla. Rules of Civil Procedure, 353 So.2d 95, 97 (Fla. 1977). The determination of standing to sue concerns a court's exercise of jurisdiction to hear and decide the cause pled by a particular party. Generally, one with a legally protectible right or interest at stake in an otherwise justiciable controversy is a proper party to obtain judicial resolution of that controversy. See Fla.R.Civ.P. 1.210(a); Kumar Corp. v. Nopal Lines, Ltd., 462 So.2d 1178, 1183 (Fla. 3d DCA), review denied, 476 So.2d 675 (Fla. 1985). The party with the right or interest at stake generally should also be a "real party in interest," that is, "`the person in whom rests, by substantive law, the claim sought to be enforced.'" Kumar, 462 So.2d at 1183 (quoting Author's Comment to Fla.R.Civ.P. 1.210, 30 Fla. Stat. Ann. 304, 306-07 (1967)). Thus, although courts determine standing, legislation may affect standing through substantive regulation of the rights or interests at issue. Carlandia's complaint certainly alleged that Carlandia has a sufficient interest at stake to be a party in litigation to protect its property. Carlandia owns an undivided share of the common elements in the Two North Breakers Row Condominium. Any damages caused to the common elements necessarily affects Carlandia's property interest.
Nonetheless, Flagler and Rogers & Ford argue that the Legislature effectively denied Carlandia standing by transferring the right to sue over the common elements from unit owners to the condominium association in section 718.111(3),[4] thereby designating the *1353 condominium association as the only real party in interest, hence the only party with standing, in suits concerning the common areas or common elements. We disagree.
The plain language of section 718.111(3) says nothing about designating the condominium association as the exclusive holder of the right to sue over the common elements. The statute merely confers on condominium associations the substantive "capacity" to sue. Id. Additionally, the statute contains an express reservation of rights clause that reserves to the unit owners the "statutory or common-law right ... to bring any action without participation by the association which may otherwise be available." § 718.111(3), Fla. Stat. (1991). Likewise, Florida Rule of Civil Procedure 1.221[5] contains no exclusivity provision and has a similar reservation of rights clause.
The history of these provisions[6] reveals that the rights reserved to unit owners include the right of an individual unit owner to sue with respect to construction defects or deficiencies in the common areas or common elements. Early interpretations of the Condominium Act, originally adopted in chapter 63-35, Laws of Florida, held that individual unit owners did have standing to maintain actions arising over disputes about the common elements, and that condominium associations lacked standing to sue either in their individual capacity or as class representatives of similarly situated unit owners. See Rubenstein v. Burleigh House, Inc., 305 So.2d 311 (Fla. 3d DCA 1974) (condominium association lacked standing either in individual capacity or as class representative to sue developer for breach of warranty with respect to common elements, but individual unit owner could maintain action on his own behalf and for others similarly situated); Commodore Plaza at Century 21 Condominium Ass'n, Inc. v. Saul J. Morgan Enters., Inc., 301 So.2d 783 (Fla. 3d DCA 1974) (condominium association lacked standing to sue to quiet title to the common elements either in its individual capacity or as class representative), dismissed, 308 So.2d 538 (Fla. 1975); Hendler v. Rogers House Condominium, Inc., 234 So.2d 128 (Fla. 4th DCA 1970) (condominium association had no standing to sue in class action regarding failure of property owner to include swimming pool in condominium conversion).
*1354 The Legislature responded to these decisions by amending the statute in 1974 to enlarge the standing of condominium associations while reserving all the unit owners' statutory and common law rights that were available, including standing. Ch. 74-104, § 7, Laws of Fla. The amendment effectively abrogated Rubenstein, Commodore Plaza, and Hendler, see Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081 (Fla. 4th DCA 1976) (condominium association and individual unit owners had standing as class representatives to maintain action in contract, warranty, and other claims concerning common elements), appeal dismissed, 354 So.2d 978 (Fla. 1977); Wittington Condominium Apartments, Inc. v. Braemer Corp., 313 So.2d 463 (Fla. 4th DCA 1975) (condominium association and unit owners had standing to maintain action both individually and as class representatives in negligent construction and breach of contract suit concerning common elements), cert. denied, 327 So.2d 31 (Fla. 1976); cf. Royal Bahamian Ass'n, Inc. v. Morgan, 338 So.2d 876 (Fla. 3d DCA 1976) (as lessee for lease of common elements, condominium association had no standing to seek declaration of rights and to quiet title of leasehold properties); Reibel v. Rolling Green Condominium A, Inc., 311 So.2d 156 (Fla. 3d DCA 1975) (condominium association could represent unit owners as class representative but could not proceed individually in action to quiet title), while continuing to give unit owners standing apart from any new authority likewise vested in the condominium association. See Bay Park Towers Condominium Ass'n, Inc. v. H.J. Ross & Assocs., 503 So.2d 1333 (Fla. 3d DCA 1987) (unit owner, in individual capacity and as class representative, sued engineering firm for breach of warranty regarding plumbing defects, and condominium association was permitted to intervene); Breslerman v. Dorten, Inc., 362 So.2d 37 (Fla. 3d DCA 1978) (unit owner may bring class action on behalf of similarly situated unit owners even where condominium association is not a party).
This scheme of condominium law, as implemented in section 718.111(3) and rules 1.221 and 1.210(a), remains largely unchanged today. Accordingly, we conclude that a condominium unit owner continues to have standing to maintain an action for construction defects in the common areas or common elements of the condominium.
The district court below reached the same conclusion but noted that numerous practical problems would result if Carlandia proceeds completely on its own without having the interests of other unit owners represented in the action. For example, substantial questions arise as to: determining the appropriate measure of damages to the unit whose owner sued, as distinct from the remaining units; allocating the recovered damages; litigating multiple lawsuits; incurring unnecessary costs incident to having multiple trials; having potentially contradictory adjudications; expediting resolution of controversies; and accomplishing repairs. Additionally, the financial burden on an individual unit owner might be so great and so disproportionate to the potential recovery that the unit owner would not or could not proceed with the litigation. See Carlandia Corp., 93 N.J. 370, 605 So.2d at 1015; Siller v. Hartz Mountain Assocs., 461 A.2d 568, 572-73, cert. denied, 464 U.S. 961, 104 S.Ct. 395, 78 L.Ed.2d 337 (1983); see also Cigal v. Leader Dev. Corp., 408 Mass. 212, 557 N.E.2d 1119, 1122 (1990) ("Piecemeal litigation by individual unit owners would frustrate the statutory scheme, in which the association acts as the representative of all owners in common."); see generally Paul S. Jacobsen, Standing of Condominium Associations to Sue: One For All or All For One?, 13 Hamline L.Rev. 15, 29-36 (1990) (arguing the advantages of giving condominium associations exclusive standing as to common elements, but noting that rights of individual unit owners to bring meritorious claims must be balanced).
Parties and courts in Florida apparently already recognize the need to avoid these problems. Appellate decisions indicate that actions with respect to common areas or common elements of condominiums have been brought either as class actions, derivative actions, or by a unit owner joined by the condominium association and/or other unit owners. See, e.g., Bay Park Towers Condominium Ass'n, Inc. v. H.J. Ross & Assocs., 503 So.2d 1333 (Fla. 3d DCA 1987) (condominium association allowed to intervene with *1355 respect to common elements); Dutch v. Gordon, 481 So.2d 1235 (Fla. 3d DCA 1985) (unit owner's derivative action involving condominium association); Gulf Oil Realty Co. v. Windhover Ass'n, Inc., 403 So.2d 476 (Fla. 5th DCA 1981) (class action by condominium association as class representative); Breslerman v. Dorten, Inc., 362 So.2d 37 (Fla. 3d DCA 1978) (class action by unit owner as representative of other unit owners); Imperial Towers Condominium, Inc. v. Brown, 338 So.2d 1081 (Fla. 4th DCA 1976) (class action by unit owners and condominium association); Wittington Condominium Apartments, Inc. v. Braemar Corp., 313 So.2d 463 (Fla. 4th DCA 1975) (class action by condominium association and unit owner individually and as condominium association president), cert. denied, 327 So.2d 31 (Fla. 1976).
Moreover, Florida rules provide that "[a]ny person may at any time be made a party if that person's presence is necessary or proper to a complete determination of the cause." Fla.R.Civ.P. 1.210(a). The policies underlying this rule appear to apply as well. Cf. Cline v. Cline, 101 Fla. 488, 134 So. 546 (1931) (parties who held title in undivided interest in real property were necessary and indispensable parties in suit to partition).
Significantly, the complaint in this case alleged causes of action based on duties owed in common to all of the unit owners, rather than a claim that has an "individual character." Had the developer or general contractor allegedly breached a duty or promise owed to only a particular unit owner, even with respect to the common areas or common elements, that unit owner would be allowed to proceed alone without further involvement of other unit owners. See Cigal v. Leader Dev. Corp., 408 Mass. 212, 557 N.E.2d 1119, 1121-22 (1990) (unit owner allowed to proceed alone in contract claim against developer for failure to build units and common elements as promised in purchase agreements, but must proceed in class action against subcontractor for negligent construction of common areas).
Accordingly, we conclude that a unit owner can maintain an action against the developer or general contractor for alleged breaches of duties owed in common to all the unit owners with respect to construction defects in the common areas or common elements only after ensuring that the interests of the other unit owners are represented in the action.[7] We answer the second certified question, as phrased above, in the affirmative.
We approve the district court's decision. The interests of justice require that upon remand, the trial court shall permit Carlandia to amend its complaint consistent with this opinion.
It is so ordered.
McDONALD, SHAW, GRIMES, KOGAN and HARDING, JJ., concur.
OVERTON, J., concurs with an opinion.
OVERTON, J., concurring.
I agree that a single unit owner has standing to maintain an action against a developer or general contractor for alleged breaches of duty owed in common to all unit owners with respect to defects in the common areas or elements. I further agree that such a single unit owner must ensure that the interests of other unit owners are represented in the action as necessarily affected parties. It is important to recognize, however, that in rendering our decision, we are not allowing a single unit owner to override a condominium association's decision not to bring such a suit; nor are we allowing a single unit owner to incur costs and attorney fees under chapter 718, Florida Statutes, for assessment against the condominium association or other unit owners. The responsibility for costs and attorney fees in an action brought by a single unit owner is solely the responsibility of that owner even though the action might eventually benefit other unit owners.
NOTES
[1] We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
[2] At oral argument the parties said that Carlandia is one of 49 unit owners in the condominium. Control of management of the condominium has been transferred from the developer to the unit purchasers.
[3] The amended complaint charged Flagler with breach of implied warranty, breach of statutory warranty implied in chapter 713, Florida Statutes, and building code violations under sections 553.73 and 553.84, Florida Statutes. Carlandia charged Rogers with breach of statutory warranty implied in chapter 713, negligent construction, and building code violations under sections 553.73 and 553.84.
[4] Section 718.111(3), Florida Statutes (1991), provides:

(3) POWER TO MANAGE CONDOMINIUM PROPERTY AND TO CONTRACT, SUE, AND BE SUED.  The association may contract, sue, or be sued with respect to the exercise or nonexercise of its powers. For these purposes, the powers of the association include, but are not limited to, the maintenance, management, and operation of the condominium property. After control of the association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest to most or all unit owners, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities and on units; and may defend actions in eminent domain or bring inverse condemnation actions. If the association has the authority to maintain a class action, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action. Nothing herein limits any statutory or common-law right of any individual unit owner or class of unit owners to bring any action without participation by the association which may otherwise be available.
[5] Florida Rule of Civil Procedure 1.221 provides:

After control of a condominium association is obtained by unit owners other than the developer, the association may institute, maintain, settle, or appeal actions or hearings in its name on behalf of all unit owners concerning matters of common interest, including, but not limited to, the common elements; the roof and structural components of a building or other improvements; mechanical, electrical, and plumbing elements serving an improvement or a building; representations of the developer pertaining to any existing or proposed commonly used facilities; and protesting ad valorem taxes on commonly used facilities. If the association has the authority to maintain a class action under this rule, the association may be joined in an action as representative of that class with reference to litigation and disputes involving the matters for which the association could bring a class action under this rule. Nothing herein limits any statutory or common law right of any individual unit owner or class of unit owners to bring any action which may otherwise be available. An action under this rule shall not be subject to the requirements of rule 1.220.
[6] In Avila South Condominium Association, Inc. v. Kappa Corp., 347 So.2d 599 (Fla. 1976), we held a portion of the Condominium Act unconstitutional in violation of the separation of powers doctrine to the extent that the Act provided rules for standing, joinder, and other procedures for a condominium association to maintain an action. 347 So.2d at 608. However, we adopted the very same provisions as a rule of court to maintain the procedures while curing the constitutional defect. Id. For the purposes of this opinion to discern the history of these provisions, we read cases construing the unconstitutional provisions of the statute as constructions of the identical procedural rules adopted in Avila.
[7] We do not address in this opinion whether a unit owner may proceed individually in a breach of fiduciary duty action against the association or its directors because the claims here are against the general contractor and developer, not against the condominium association for failure to act. Moreover, nothing in this opinion is intended to overrule our holding in Casa Clara Condominium Association, Inc. v. Charley Toppino & Sons, Inc., 620 So.2d 1244 (Fla. 1993).